UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE KIMBROUGH,                                    Case No. 26-10601

       Plaintiff,                                         F. Kay Behm
v.                                                     United States District Judge

HERCULES DRAWN STEEL
CORPORATION, *et al.*,

       Defendants.
_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND
SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)**

Plaintiff, Terrance Kimbrough, proceeding *pro se*, filed a complaint

against Defendants on February 20, 2026.  (ECF No. 1).  Defendants are

Plaintiff's former employer, Hercules Drawn Steel Corporation, and three

individual owners/officers of Hercules Drawn Steel Corporation.  (ECF No. 1,

¶¶ 6-9, 11).  Plaintiff alleges federal question jurisdiction, claiming violations

of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986,[1] along with state law claims of

---

[1] Plaintiff's complaint does not include a count for relief under 42 U.S.C. § 1981, although
he mentions this statute a few times throughout his complaint.  "[T]o prevail on a section
1981 claim, a litigant must prove intentional discrimination on the basis of race."
*Chapman v. Higbee Co.*, 319 F.3d 825, 832–33 (6th Cir. 2003) (en banc).  The complaint
contains no allegation that any defendant intentionally discriminated against Plaintiff on
the basis of race.  Accordingly, to the extent Plaintiff attempts to assert a claim under
§ 1981, it must be dismissed for failure to state a claim on which relief may be granted.

1

intentional infliction of emotional distress and tortious interference with a business expectancy. *Id*. Plaintiff filed an application to proceed *in forma pauperis* on February 20, 2026. (ECF No. 2). The court finds the application supports Plaintiff's claims and **GRANTS** the application to proceed *in forma pauperis*. However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

## I.    STANDARD OF REVIEW

The court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

2

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000).  Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios." *Id.* at 327-28.

## II.  ANALYSIS

### A.  Federal Claims

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard "does not require

3

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678.  Additionally, a claim must have "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The factual underpinnings of Plaintiff's complaint are as follows:

> 16.    Plaintiff further alleges, on information and belief, that Defendant Mark Goodman, acting individually and on behalf of Hercules Drawn Steel Corporation, communicated by email with a government official to hire a hitman to have Plaintiff killed.  These actions were intended to intimidate, silence, and eliminate Plaintiff in retaliation for exercising his legal rights, and form part of a broader conspiracy involving the remaining Defendants.  These allegations are pleaded as background factual context to demonstrate motive, agreement, intimidation, and obstruction attributable to all Defendants through agency, ratification, or conspiracy, and to support civil liability under 42 U.S.C. §§ 1985(3) and 1986.

> 17.    Plaintiff further alleges, on information and belief, that during the relevant period certain Defendants and/or corporate agents discussed,

4

authorized, or facilitated an unlawful plan intended to intimidate and silence Plaintiff for pursuing legal rights.  Defendants communication reflecting an agreement to pay or arrange payment of ransom if Plaintiff were kidnapped, restrained, photographed while restrained, and held for exchange, with demands conveyed to one or more defendants for payment of five million ($5,000,000), dead or alive in exchange for Plaintiff's body or release.

18.     Plaintiff further alleges, on information and belief, that Plaintiff's cousin, James Hunt, was killed due to Defendants' alleged violations and wrongful death.

(ECF No. 1, PageID.3-4).

Plaintiff claims these allegations constitute violations of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986.  As to § 1985, Plaintiff fails to allege any facts suggesting that Defendants' purported actions were motivated by racial animus or were class-based.  At best, the complaint alleges that the conspiracy was motivated by an "unlawful animus."  (ECF No. 1, ¶ 29).  However, § 1985 "only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause...."  *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir. 2000) (citing *Browder v. Tipton,* 630 F.2d 1149 (6th Cir.1980)).  Construed liberally, the Plaintiff's complaint does not allege that Defendants were motivated by racial, or other class-based,

5

discriminatory animus.  Accordingly, Plaintiff's § 1985 claim must be dismissed for failure to state a claim on which relief may be granted.

And because Plaintiff has no viable claim under 42 U.S.C. § 1985, he also has no claim under 42 U.S.C. § 1986.  "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (internal quotation marks omitted).  Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986.  *Id.* at 315; *Bass v. Robinson*, 167 F.3d 1041, 1051 n. 5 (6th Cir.1999).  Accordingly, Plaintiff's § 1986 claim must be dismissed for failure to state a claim on which relief may be granted.

B.    State Law Claims

Where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial … the state claims should be dismissed as well.");

6

*Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims.").  In this case, the court has dismissed all of Plaintiff's federal claims.  Thus, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and they too must be dismissed without prejudice.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's federal claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e) and Plaintiff's state law claims are **DISMISSED** without prejudice.

**SO ORDERED**.

Date: March 2, 2026                              s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge